UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

AMRIK SARPAL,                                           Case No:

                                                        **COMPLAINT**

                          Plaintiff,

         -against-                                      **JURY TRIAL DEMANDED**

NYC GREEN TRANSPORTATION GROUP, LLC,
SIGNATURE BLACK CAR LLC,
NURIDE SLS, LLC,
NURIDE TRANSPORTATION GROUP, LLC,
NURIDEMG, LLC,
NURIDE ACCESS TRANSPORTATION LLC,
NURIDE ACCESS, LLC,
NURIDE AUTO SERVICES LLC,
NURIDE MEDTRANS GROUP, LLC,
NURIDE SIGNATURE LIMO SERVICES LLC,
NURIDEMT, LLC,
NADIM AHMED KHAN,
ANTHONY PARRIZZI,
JOHN/JANE DOES 1-10, AND
DOE ENTITIES 1-10,
                                        Defendants.

------------------------------------------------------------------------X

        Plaintiff, Amrik Sarpal ("Sarpal" or "Plaintiff"), by his attorneys, Moser Law Firm, P.C.,

as and for his complaint in this action against NYC GREEN TRANSPORTATION GROUP,

LLC ("NYC"), SIGNATURE BLACK CAR LLC ("Signature"), NURIDE SLS, LLC ("SLS"),

NURIDE TRANSPORTATION GROUP, LLC ("Transportation"), NURIDEMG, LLC ("MG"),

NURIDE ACCESS TRANSPORTATION LLC ("Access"), NURIDE ACCESS, LLC ("NR

Access"), NURIDE AUTO SERVICES LLC ("Auto"), NURIDE MEDTRANS GROUP, LLC

("Medtrans"), NURIDE SIGNATURE LIMO SERVICES LLC ("Limo"), NURIDEMT, LLC

1

("MT"), NADIM AHMED KHAN ("Khan"), ANTHONY PARRIZZI ("Parrizzi"), JOHN/JANE

DOES 1-10 , and DOE ENTITIES 1-10 (collectively "Defendants") hereby alleges as follows:

## NATURE OF THE CLAIMS

1.   Plaintiff brings this action against Defendants as a result of Defendants' various

unlawful practices including, but not limited to, failing to pay Plaintiff overtime in violation of

the New York Labor Law ("NYLL"), failing to pay Plaintiff timely in violation of the NYLL,

failing to pay Plaintiff overtime in violation of the Fair Labor Standards Act ("FLSA"), failing to

pay Plaintiff timely in violation of the FLSA, failing to provide Plaintiff with a hiring notice in

accordance with NYLL § 195(1), failing to provide Plaintiff with wage notices in accordance

with NYLL § 195(3), and failing to provide Plaintiff with a termination notice in violation of

NYLL § 195(6).

## JURISDICTION AND VENUE

2.    Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331,

28 U.S.C. § 1337, and 29 U.S.C. § 201, *et seq.* since, *inter alia*, claims for relief predicated upon

the FLSA arise under federal law.

3.   Pursuant to 28 U.S.C. § 1367, the doctrine of supplemental jurisdiction, the Court

maintains jurisdiction over the balance of Plaintiff's claims.

4.   Pursuant to 28 U.S.C. § 1391, the claims set forth herein are properly brought

forth in the United States District Court for the Eastern District of New York since, *inter alia*, the

events and omissions giving rise to Plaintiff's claims occurred in the Eastern District and as all of

the Defendants are residents of the Eastern District.

2

## **THE PARTIES**

5.   Plaintiff Amrik Sarpal is a natural person and a resident of the State of New York, County of Queens.

6.   At all times relevant herein, Sarpal met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

**7.**   Defendant NYC is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

8.   At all relevant times, NYC, along with the remaining Defendants, jointly employed Plaintiff.

9.   NYC controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

10.  NYC and the remaining Defendants operate as a common enterprise such that the actions of NYC or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

11. At all relevant times, NYC controlled and directed the terms of employment and compensation of Plaintiff.

12. At all relevant times, NYC maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

7074733.1

13. At all relevant times, NYC maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

14. At all times relevant herein, NYC met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

15. Defendant Signature is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

16. At all relevant times, Signature, along with the remaining Defendants, jointly employed Plaintiff.

17. Signature controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

18. Signature and the remaining Defendants operate as a common enterprise such that the actions of Signature or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

19. At all relevant times, Signature controlled and directed the terms of employment and compensation of Plaintiff.

20. At all relevant times, Signature maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

4

7074733.1

21. At all relevant times, Signature maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

22. At all times relevant herein, Signature met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

23. Defendant SLS is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

24. At all relevant times, SLS, along with the remaining Defendants, jointly employed Plaintiff.

25. SLS controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

26. SLS and the remaining Defendants operate as a common enterprise such that the actions of SLS or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

27. At all relevant times, SLS controlled and directed the terms of employment and compensation of Plaintiff.

28. At all relevant times, SLS maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

7074733.1

29. At all relevant times, SLS maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

30. At all times relevant herein, SLS met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

31.  Defendant Transportation is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

32.  At all relevant times, Transportation, along with the remaining Defendants, jointly employed Plaintiff.

33. Transportation controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

34.  Transportation and the remaining Defendants operate as a common enterprise such that the actions of Transportation or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

35. At all relevant times, Transportation controlled and directed the terms of employment and compensation of Plaintiff.

36. At all relevant times, Transportation maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

6

37. At all relevant times, Transportation maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

38. At all times relevant herein, Transportation met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

39. Defendant MG is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

40. At all relevant times, MG, along with the remaining Defendants, jointly employed Plaintiff.

41. MG controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

42. MG and the remaining Defendants operate as a common enterprise such that the actions of MG or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

43. At all relevant times, MG controlled and directed the terms of employment and compensation of Plaintiff.

44. At all relevant times, MG maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

7

45. At all relevant times, MG maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

46. At all times relevant herein, MG met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

47. Defendant Access is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

48. At all relevant times, Access, along with the remaining Defendants, jointly employed Plaintiff.

49. Access controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

50. Access and the remaining Defendants operate as a common enterprise such that the actions of Access or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

51. At all relevant times, Access controlled and directed the terms of employment and compensation of Plaintiff.

52. At all relevant times, Access maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

8

53. At all relevant times, Access maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

54. At all times relevant herein, Access met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

55. Defendant NR Access is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

56. At all relevant times, NR Access, along with the remaining Defendants, jointly employed Plaintiff.

57. NR Access controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

58. NR Access and the remaining Defendants operate as a common enterprise such that the actions of NR Access or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

59. At all relevant times, NR Access controlled and directed the terms of employment and compensation of Plaintiff.

60. At all relevant times, NR Access maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

9

7074733.1

61. At all relevant times, NR Access maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

62. At all times relevant herein, NR Access met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

63. Defendant Auto is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

64. At all relevant times, Auto, along with the remaining Defendants, jointly employed Plaintiff.

65. Auto controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

66. Auto and the remaining Defendants operate as a common enterprise such that the actions of Auto or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

67. At all relevant times, Auto controlled and directed the terms of employment and compensation of Plaintiff.

68. At all relevant times, Auto maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

10

7074733.1

69. At all relevant times, Auto maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

70. At all times relevant herein, Auto met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

71. Defendant Medtrans is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

72. At all relevant times, Medtrans, along with the remaining Defendants, jointly employed Plaintiff.

73. Medtrans controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

74. Medtrans and the remaining Defendants operate as a common enterprise such that the actions of Medtrans or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

75. At all relevant times, Medtrans controlled and directed the terms of employment and compensation of Plaintiff.

76. At all relevant times, Medtrans maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

11

7074733.1

77. At all relevant times, Medtrans maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

78. At all times relevant herein, Medtrans met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

79. Defendant Limo is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

80. At all relevant times, Limo, along with the remaining Defendants, jointly employed Plaintiff.

81. Limo controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

82. Limo and the remaining Defendants operate as a common enterprise such that the actions of Limo or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

83. At all relevant times, Limo controlled and directed the terms of employment and compensation of Plaintiff.

84. At all relevant times, Limo maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

12

7074733.1

85. At all relevant times, Limo maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

86. At all times relevant herein, Limo met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

87. Defendant MT is a domestic limited liability company with its principal place of business located at 33-24 Northern Boulevard, Long Island City, New York 11101.

88. At all relevant times, MT, along with the remaining Defendants, jointly employed Plaintiff.

89. MT controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among it and the other persons, subsidiaries, and/or related entities described herein.

90. MT and the remaining Defendants operate as a common enterprise such that the actions of MT or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

91. At all relevant times, MT controlled and directed the terms of employment and compensation of Plaintiff.

92. At all relevant times, MT maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

13

7074733.1

93. At all relevant times, MT maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

94. At all times relevant herein, MT met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

95. Defendant Khan is a natural person who, upon information and belief, resides in the State of New York.

96. Upon information and belief, Defendant Khan is an owner of the entity Defendants.

97. At all relevant times, Khan, along with the remaining Defendants, jointly employed Plaintiff.

98. Khan controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among him and the other persons, subsidiaries, and/or related entities described herein.

99. Khan and the remaining Defendants operate as a common enterprise such that the actions of Khan or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

100. At all relevant times, Khan controlled and directed the terms of employment and compensation of Plaintiff.

7074733.1

101.      At all relevant times, Khan maintained and exercised his power to hire, fire, discipline, and promote Plaintiff.

102.      At all relevant times, Khan maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

103.      At all times relevant herein, Khan met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

104.      Defendant Parrizzi is a natural person who, upon information and belief, resides in the State of New York.

105.      Upon information and belief, Defendant Parrizzi is an owner of the entity Defendants.

106.       At all relevant times, Parrizzi, along with the remaining Defendants, jointly employed Plaintiff.

107.      Parrizzi controls Defendants' operations, policies, and practices in a joint fashion without any meaningful distinctions among him and the other persons, subsidiaries, and/or related entities described herein.

108.       Parrizzi and the remaining Defendants operate as a common enterprise such that the actions of Parrizzi or any one of the other persons, subsidiaries, and/or related entities described herein may be imputed to the other(s) and/or they operate as joint employers within the meaning of all relevant statutes.

15

109.     At all relevant times, Parrizzi controlled and directed the terms of employment and compensation of Plaintiff.

110.     At all relevant times, Parrizzi maintained and exercised his power to hire, fire, discipline, and promote Plaintiff.

111.     At all relevant times, Parrizzi maintained control, oversight, and direction of Plaintiff, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to him.

112.     At all times relevant herein, Parrizzi met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

113.     Plaintiff does not know the true names and capacities of individual Defendants John/Jane Does Nos. 1 through 10 and for that reason sues John/Jane Does Nos. 1 through 10 under fictitious names.

114.     Plaintiff is informed and believes that John/Jane Does Nos. 1 through 10 are individual investors in the entity Defendants including Doe Entities 1 through 10.

115.      John/Jane Does Nos. 1 through 10 exercised control over Defendants' operations and employment policies and practices, including, without limitation, dictating the compensation and classification of Plaintiff.

116.     At all relevant times, John/Jane Does Nos. 1 through 10 controlled when Plaintiff was paid wages owed to him.

16

7074733.1

117.     .John/Jane Does Nos. 1 through 10 regularly withhold money from the corporate Defendants in order to exercise control over Defendants' employment practices, particularly with respect to compensation, thereby delaying payment of wages owed to Plaintiff.

118.     At all relevant times, John/Jane Does Nos. 1 through 10 were employers within the meaning of the NYLL, the FLSA and all applicable statutes and regulations.

119.     At all relevant times, John/Jane Does Nos. 1 through 10, along with the remaining Defendants, jointly employed Plaintiff.

120.     Plaintiff does not know the true names and capacities of the corporate Does Nos. 1 through 10, and for that reason sue Does Nos. 1 through 10 under fictitious names.

121.     Plaintiffs are informed and believe that Does Nos. 1 through 10 are parent companies and/or subsidiary companies of the named Defendant entities.

122.     Does Nos. 1 through 10 have a unity of interest and ownership with the named Defendant entities such that the separate personalities of those entities and Does Nos. 1 through 10 do not exist.

123.     At all relevant times, Does Nos. 1 through 10 were employers within the meaning of the NYLL, the FLSA and all applicable statutes and regulations.

124.     At all relevant times, Does Nos. 1 through 10, along with the remaining Defendants, jointly employed Plaintiff.

7074733.1

## FACTUAL ALLEGATIONS

125.     Plaintiff began his employment with Defendants in May 2017.

126.     From May 2017 to March 2020, Plaintiff worked as a dispatcher for Defendants.

127.     Throughout his employment with Defendants, Plaintiff was paid a flat hourly rate starting at $17.00 per hour and increasing to $23 per hour.

128.     Throughout his employment with Defendants, Plaintiff worked between 50-60 hours a week.

129.     Throughout his employment with Defendants, Plaintiff worked between 10-20 hours of overtime a week.

130.     Plaintiff's hours were tracked via a biometric time system.

131.     Notwithstanding the significant amount of overtime Plaintiff worked, he was always paid a flat hourly rate rather than time and a half.

132.     On several occasions, including, but not limited to, August 2017 through March/April 2018, Defendants failed to pay Plaintiff his wages timely.

133.     When Plaintiff was paid, he was frequently paid by paper check and was not given the notices required by NYLL § 195 (3).

134.     Plaintiff was also never provided with the notice required by NYLL § 195 (1).

135.     On March 19, 2020, Plaintiff was told there was no more work for him and not to report back to work.

7074733.1

136.     At all times relevant herein, Plaintiff performed his job with the highest degree of professionalism, competence and integrity.

137.     Defendants had the power to hire, fire and discipline Plaintiff.

138.     Defendants supervised and controlled Plaintiff's work schedules and conditions of employment.

139.     Defendants also maintained records relevant to Plaintiff's employment.

140.     Defendants determined the rate and method of Plaintiff's pay.

141.     At all times, Defendants' actions were willful, unlawful and taken in bad faith within the meaning of the pertinent laws/statutes.

## FIRST CLAIM FOR RELIEF
## UNPAID OVERTIME WAGES UNDER THE FLSA

142.     Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

143.     The FLSA is applicable to Defendants as, *inter alia*, there is enterprise coverage in that, upon information and belief, Defendants do business in excess of $500,000 a year.

144.     The FLSA is also applicable as Plaintiff is individually covered given that his job involved interstate commerce including, but not limited to, dispatching drivers to various states.

145.     At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

19

146.     At all times relevant to this action, Plaintiff was entitled to overtime pursuant to the FLSA (29 U.S.C. 201 et seq.)

147.     As set forth above, Plaintiff was not paid time and a half for the substantial overtime hours he worked.

148.      Defendants' failure to pay Plaintiff overtime at the appropriate rate was willful and in bad faith.

149.     As a result of the foregoing, Plaintiff has been denied earned wages required under the FLSA and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## UNPAID OVERTIME WAGES UNDER THE NYLL

150.      Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

151.     At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the NYLL.

152.     At all times relevant to this action, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime wages at rates of at least 1.5 times his regular/normal rate of pay for each and all hours he worked in excess of forty in violation of NYLL (§ 190 et seq,  § 650 et seq, and/or 12 NYCRR 142).

153.     As a result of the foregoing, Plaintiff has been denied earned wages required under the NYLL and has suffered substantial economic damages in an amount to be

7074733.1

determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## DELAYED WAGES UNDER THE FLSA

154.      Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

155.      The FLSA is applicable to Defendants as, *inter alia*, there is enterprise coverage in that, upon information and belief, Defendants do business in excess of $500,000 a year.

156.      The FLSA is also applicable as Plaintiff is individually covered given that his job involved interstate commerce including, but not limited to, dispatching drivers to various states.

157.      At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

158.      The FLSA requires covered employers, including Defendants, to pay employees all compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

159.      Plaintiff was not exempt from the requirement that his employer timely pay him his wages.

160.      Defendants have engaged in a policy and practice of failing to pay Plaintiff all compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

21

7074733.1

161.     As a result of Defendants' failure to pay Plaintiff all compensation earned in a particular workweek on the regular payday for the period in which such workweek ends, Defendants have violated, inter alia, 29 C.F.R. § 778.106.

162.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the FLSA.  Defendants were aware or should have been aware that its practices with respect to the compensation of Plaintiff are unlawful.  Because Defendants willfully violated the FLSA, a three-year statute of limitation applies to such violations, pursuant to 29 U.S.C. § 255.

163.     Defendants' violations of the FLSA have significantly damaged Plaintiff and entitle him to recover the total amount of his unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**DELAYED WAGES UNDER THE NYLL**

164.      Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

165.      Plaintiff is an employee under the NYLL and all other applicable statutes or regulations.

166.     Defendants are employers under the NYLL and all other applicable statutes or regulations.

167.     The NYLL requires covered employers, including Defendants, to pay employees in accordance with agreed terms of employment, but not less frequently than semi-monthly, on regular paydays designated in advance by the employer.

22

7074733.1

168.     Defendants failed to pay Plaintiff wages in accordance with the requirements of NYLL.

169.     Plaintiff was not exempt from the requirement that his employer timely pay him his wages.

170.     As a result of Defendants' failure to compensate Plaintiff all compensation earned in a particular workweek on the regular payday for the period in which such workweek ends, Defendants have violated, inter alia, NYLL § 191.

171.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the NYLL.

172.     Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle him to recover the total amount of his unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO PROVIDE NYLL § 195 (1) NOTICE

173.      Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

174.     Pursuant to NYLL § 195 (1), Defendants were obligated to provide Plaintiff at the time of his hiring with a notice containing, *inter alia*, the following information: the employee's rate of pay, allowances to be taken, the regular payday, the name of the employer,  any "doing business as" names used by the employer,  the physical address of the employer's main office or principal place of business, and a mailing address if different,  and the telephone number of the employer.

23

7074733.1

175.     Defendants failed to provide Plaintiff with such notice.

176.     As a result of the foregoing, Plaintiff is entitled to $5,000 plus costs and reasonable attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE NYLL § 195 (3) STATEMENTS**

177.      Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

178.     Pursuant to NYLL § 195 (3), Defendants were obligated to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia*, the following: the dates of work covered by that payment of wages,  name of employee,  name of employer,  address and phone number of employer,  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other,  gross wages,  deductions,  allowances, if any, claimed as part of the minimum wage,  and net wages. Additionally, for all employees who are not exempt from overtime compensation as established in the pertinent minimum wage orders or otherwise provided by New York state law or regulation, the wage statements are required to include the regular hourly rate or rates of pay, the overtime rate or rates of pay,  the number of regular hours worked, and the number of overtime hours worked.

179.      Defendants failed to provide Plaintiff with wage statements.

180.      As a result of the foregoing, Plaintiff is entitled to $5,000 plus costs and reasonable attorneys' fees.

7074733.1

## SEVENTH CLAIM FOR RELIEF
## FAILURE TO PROVIDE NYLL § 195 (6) Notice

181.    Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

182.    Pursuant to NYLL § 195 (6), Defendants were required to notify Plaintiff in writing of the exact date of his termination as well as the exact date of cancellation of employee benefits connected with such termination.  Such notice is required to be provided within five working days after the date of such termination.  Failure to provide notice to an employee subjects an employer to penalties pursuant to, *inter alia*, NYLL § 217.

183.    Plaintiff was never provided with the required termination notice.

184.    As such, Plaintiff is entitled to appropriate damages.

185.     As a result of the foregoing, Plaintiff is entitled to the remedies provided by NYLL § 217.

## JURY DEMAND

186.    Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

 **WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. On the first claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs;

7074733.1

B. On the second claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs;

C. On the third claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

D. On the fourth claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

E. On the fifth claim for relief, awarding Plaintiff $5,000 plus costs and reasonable attorneys' fees;

F. On the sixth claim for relief, awarding Plaintiff $5,000 plus costs and reasonable attorneys' fees;

G. On the seventh claim for relief, awarding Plaintiff the remedies set forth in NYLL § 217;

H. Awarding Plaintiff all wages and benefits which would have been received by Plaintiff but for Defendants' violation of the aforementioned/pertinent statues;

I. Awarding Plaintiff liquidated damages relating to all lost/unpaid wages, as provided by law;

26

J.  Awarding Plaintiff statutory damages for Defendants' violations of the notice requirements pursuant to NYLL § 195, and injunctive and declaratory relief as provided by NYLL § 198;

K. Pre-judgment and post-judgment interest as provided by law;

L.  Appropriate equitable and injunctive relief to remedy violations, including but necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

M. Awarding Plaintiff punitive damages;

N. Awarding Plaintiff reasonable attorneys' fees and the litigation costs of this action;

O. Awarding Plaintiff the costs and disbursements of this action;

P.  Such other and further relief as this Court may deem just, proper and equitable.

Dated: Huntington, New York
September 22, 2020

**MOSER LAW FIRM, P.C.**

By:  *Paul Pagano* .
Steven J. Moser, Esq.
Paul A. Pagano, Esq.
*Attorneys for Plaintiff*
5 East Main Street
Huntington, New York 11743
(516) 671-1150
paul.pagano@moserlawfirm.com

7074733.1

## <u>Consent Form</u>

    1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201,

*et. seq.* against my former employer(s) named in this suit to secure any relief that may be

awarded, including unpaid wages, liquidated damages, attorneys' fees and costs, and other relief

arising out of my employment with my former employers.

    2.  I did not receive wages for overtime hours worked during my employment with

Defendants.

    3.  I was frequently paid my regular wages late.

    4.  I authorize Moser Law Firm, P.C. to represent me in this case.

Date: 09/22/2020

Signature

AMRIK SARPAL

Print Name

28